## Case No. 16,257.

UNITED STATES v. SEVENTY-EIGHT BARRELS.

[7 Int. Rev. Rec. 4.]

District Court, S. D. New York. 1867.

VIOLATION OF INTERNAL REVENUE LAWS — FORFEITURE OF SPIRITS—PRESUMPTIONS—CONSTITUTIONAL LAW.

[1. Where spirits seized for alleged violation of the forty-fifth section of the internal revenue law (14 Stat. 163) are claimed by one who asserts that he purchased them in the open market. the fact that the barrels bear all the brands indicating payment of the taxes does not create a presumption that such taxes have been paid.]

[2. The forty-fifth section of the internal revenue law (14 Stat. 163) is not rendered unconstitutional by the provision which requires affirmative proof on the part of the claimant of the payment of the taxes due on the spirits seized.]

This was an action to forfeit the spirits under the 45th section of the internal revenue act [14 Stat. 163]. The goods were seized in different lots, some at the rectifying establishment of Mr. Wechsler, corner of Sheriff and Houston streets, and some in transit thither from the rectifying establishment of Mr. Bunn, the claimant in the case. The government gave testimony to show that the spirits were branded as rectified spirits, when they were in fact raw spirits, and that the claimant offered the officers $500 to let the spirits go, and afterward went to Mr. Blake, the collector, to get him to decide that it was rectified, and said he would send a friend to see him and that the friend intimated that in case of such a decision a $1,000 bill could be left at his house.

The barrels were branded as required by law when seized, and the claimant testified that he bought the spirits in open market of various dealers, and paid over $2 a gallon for it, and that the barrels were properly branded when he bought them. That it was utterly impossible for him to prove the payment of taxes on the identical lot of spirits seized, for the reason that the same had changed hands frequently in the market; that the brands had been frequently erased as required by law, and the identity of the spirits was gone, and that it was impossible for any rectifier or dealer to prove the payment of taxes on spirits bought in the open market. Mr. Wechsler testified to the same effect.

Counsel for claimant then raised the following points, and requested the judge to direct a verdict for claimant. (1) That the presumption in the absence of direct proof to the contrary, if the 45th section is constitutional, is that the taxes on the spirits seized were paid, because all the brands indicating the payment of taxes required by law were on the barrels seized. (2) The only ground on which government can recover is, because the claimant has failed to prove affirmatively in accordance with the 45th section the payment of the taxes on the spirits seized. (3) The 45th section requiring this affirmative proof on the part of the claimant is unconstitutional, because it amounts to a virtual prohibition of the traffic and commerce in spirits. (4) That congress has no power to forbid and prohibit the commerce and traffic in spirits. (5) Congress cannot indirectly do that which it has no power to do directly. (6) That exacting and requiring of a trader or dealer the performance of some impossible thing, as a condition of permitting him to trade or deal in spirits is virtually but an indirect way of forbidding and prohibiting him of trading in spirits at all. (7) That in this case the evidence is that it is utterly impossible for claimants to prove the payment of taxes of spirits seized, or for

any rectifier, dealer or trader to show payment of taxes on spirits bought and sold in open market, for the reason that by frequent change, &c., the identity is gone.

Mr. Phelps, Asst. U. S. Dist. Atty.

A. J. Dittenhoeffer, for claimant.

THE COURT overruled these points and directed a verdict for the government.